IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| AMBER BALTIMORE, <br> TAYLOR LEDBETTER, and <br> CODY AINSWORTH, as surviving <br> children and next of kin of <br> RONNIE GLENN LEDBETTER <br><br> Plaintiffs, <br><br> v. <br><br> GRUNDY COUNTY, TENNESSEE; <br><br> JUSTIN GRAHAM, JAYVEN BESS, <br> KENNETH NUNLEY, BRANDON KING, <br> and DAVID YOUNG, in their individual <br> capacities as officers of the GRUNDY <br> COUNTY SHERIFF'S DEPARTMENT; <br><br> JOSHUA TURNER, in his individual <br> capacity as a correctional officer for the <br> Grundy County Jail, <br><br> Defendants. | Case No: 1:25-CV-174 <br><br> **JURY DEMAND (12)** |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, by and through counsel, file with the Court their Answer to Plaintiff's First Amended Complaint [Doc. 28-1] as follows:

### I. PRELIMINARY STATEMENT

1. In response to Paragraph 1, the gravamen of Plaintiff's Complaint speaks for itself. In further response, Defendants deny any allegations of wrongdoing contained in Paragraph 1.

2. The allegations in Paragraph 2 are denied.

3. Defendants lack information or knowledge as to the first two sentences of Paragraph 3, but deny Plaintiffs are entitled to the recovery claimed. In response to the third

sentence in Paragraph 3, the same is denied by Defendant Grundy County. The allegations of the last sentence in Paragraph 3 are denied.

## II. Jurisdiction and Venue

4. In response to Paragraph 4, the claims in Plaintiff's Complaint speak for themselves. In further response, Defendants deny any claim of wrongdoing as may be contained in Paragraph 4.

5. In response to Paragraph 5, Defendants do not object to jurisdiction in this Court.

6. In response to Paragraph 6, the referenced legal authority speaks for itself.

7. In response to Paragraph 7, it is admitted that venue is proper in this Court and according to the Complaint, the lawsuit was filed within one (1) year of the claimed date of loss.

8. In response to Paragraph 8, Defendants do not object to the jurisdiction of this Court.

## The Parties

9. Defendants lack information as to the allegations in Paragraph 9.

10. Defendants lack information or knowledge as to the allegations in Paragraph 10.

11. In response to Paragraph 11, Defendants answer as follows:

i. Defendant County admits the allegations in the first sentence;

ii. In response to the second sentence, Defendant County admits that the Defendants identified were police officers with the Grundy County Sheriff's Office at the time of the events giving rise to this litigation, and that the Sheriff's Office required and provided for the proper training and supervision of such Defendants;

iii. The allegations of the third sentence are denied as alleged; and

iv. In response to the fourth sentence, Defendant County is uncertain what Plaintiffs are referring to and therefore can neither admit nor deny the same.

12. In response to Paragraph 12, Defendant Graham admits that at the time of the incident giving rise to this matter, he was acting within the course and scope of his employment as a police officer for the Grundy County Sheriff's Department. In response to the allegations in the last sentence of Paragraph 12, Plaintiffs' Complaint speaks for itself.

13. In response to Paragraph 13, Defendant Bess admits that at the time of the incident giving rise to this matter, he was acting within the course and scope of his employment as a police officer for the Grundy County Sheriff's Department. In response to the allegations in the last sentence of Paragraph 13, Plaintiffs' Complaint speaks for itself.

14. In response to Paragraph 14, Defendant Nunley admits that at the time of the incident giving rise to this matter, he was acting within the course and scope of his employment as a police officer for the Grundy County Sheriff's Department. In response to the allegations in the last sentence of Paragraph 14, Plaintiffs' Complaint speaks for itself.

15. In response to Paragraph 15, Defendant King admits that at the time of the incident giving rise to this matter, he was acting within the course and scope of his employment as a police officer for the Grundy County Sheriff's Department. In response to the allegations in the last sentence of Paragraph 15, Plaintiffs' Complaint speaks for itself.

16. In response to Paragraph 16, Defendant Young admits that at the time of the incident giving rise to this matter, he was acting within the course and scope of his employment as a police officer for the Grundy County Sheriff's Department. In response to the allegations in the last sentence of Paragraph 16, Plaintiffs' Complaint speaks for itself.

17. In response to Paragraph 17, Defendant Turner admits that at the time of the incident giving rise to this matter, he was acting within the course and scope of his employment as a corrections officer. In response to the allegations in the last sentence of Paragraph 17, Plaintiffs' Complaint speaks for itself.

18. Paragraph 18 makes no allegations directed to these Defendants and therefore, no response is required of them.

### III. Factual Allegations

19. In response to Paragraph 19, it is admitted on information and belief that Mr. Ledbetter was involved in a single car accident on May 29, 2024.

20. In response to Paragraph 20, Defendants admit upon information and belief that 911 was contacted.

21. In response to Paragraph 21, it is admitted that members of the fire department and EMS arrived on the scene prior to Defendants police officers.

22. On information, the allegations in the first sentence of Paragraph 22 are admitted. The allegations in the second sentence of Paragraph 22 are denied. Defendants deny the allegations of the third sentence of Paragraph 22. Defendants lack information as to the allegations of the last sentence of Paragraph 22.

23. In response to the allegations in Paragraph 23, it is admitted on information that Mr. Ledbetter had been in a motor vehicle accident and that fire department personnel and EMS workers were attempting to assist him. It is further admitted that Mr. Ledbetter was combative with the fire department personnel and EMS.

24. The allegations in Paragraph 24 are denied.

25. In response to Paragraph 25, Defendants Graham and Bess admit they were the first on the scene. The remainder of Paragraph 25 is denied.

26. The allegations in Paragraph 26 are denied.

27. The allegations in Paragraph 27 are denied except as it relates to Mr. Ledbetter being handcuffed and taken to the ground.

28. The allegations in Paragraph 28 are denied.

29. The allegations in the first sentence of Paragraph 29 are denied as alleged. In response to the remaining allegations in Paragraph 29, Defendants Graham and Bess admit that they were unable to transport Mr. Ledbetter in their car.

30. The allegations of Paragraph 30 are denied.

31. In response to the first sentence in Paragraph 31, the policies and procedures referenced speak for themselves. The allegations of the second sentence in Paragraph 31 are denied.

32. Defendants Nunley, Graham, and Bess deny the allegations in Paragraph 32.

33. In response to the allegations in the first sentence of Paragraph 33, Defendants Young and King admit they arrived on the scene. In response to the second sentence, it is admitted that Mr. Ledbetter was moved to Defendant King's vehicle.

34. Defendants deny the allegations in Paragraph 34.

35. In response to Paragraph 35, Defendant King admits using a taser. The remaining allegations in Paragraph 35 are denied.

36. In response to the first sentence in Paragraph 36, it is admitted that Mr. Ledbetter was transported to the Grundy County jail by Defendant King after he was cleared by EMS. The remaining allegations in Paragraph 36 are denied.

37. Defendant King denies the allegations in Paragraph 37.

38. The allegations in Paragraph 38 are admitted regarding notification that Mr. Ledbetter was being transported to the jail.

39. Defendants lack information as to the allegations in the first sentence of Paragraph 39 regarding the referenced statement. The remaining allegations of Paragraph 39 are denied as alleged.

40. In response to Paragraph 40, it is admitted that Mr. Ledbetter was taken into a cell with handcuffs to be removed and that CPR was performed.

41. In response to Paragraph 41, it is admitted that Mr. Ledbetter was taken by EMS.

42. In response to Paragraph 42, it is admitted that the individual officers involved in these events were not wearing body cameras at the time of the incident referred to in Plaintiffs' Complaint. In further response, the polices and procedures relating to the use of body cameras speak for themselves.

43. The allegations in Paragraph 43 are denied as it relates to claims of wrongdoing against Defendants. In response to the injuries claimed sustained, Defendants lack information or knowledge regarding the extent of the same.

44. Defendants lack information as to the allegations in Paragraph 44 as it pertains to another person's state of mind.

45. In response to Paragraph 45, the individual Defendants were acting within the course and scope of their employment at the time of the incident giving rise to this matter.

46. The allegations in Paragraph 46 are denied.

## COUNT I – EXCESSIVE FORCE

47. In response to Paragraph 47, Defendants incorporate by reference their answers to Paragraphs 1 through 46.

48. Defendants Graham, Bess, King, Nunley, Young, and Turner deny the allegations in Paragraph 48.

49. The referenced Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. The allegations in Paragraph 51 are denied to the extent the same claim wrongdoing.

52. The allegations in Paragraph 52 are denied.

53. The allegations in Paragraph 53 are denied.

54. The allegations in Paragraph 54 state a legal conclusion. In further response, Paragraph 54 is denied to the extent it alleges or contains allegations of wrongdoing as to Defendant County.

55. Defendants deny the claim for recovery in Paragraph 55.

## COUNT II – FAILURE TO PROTECT

56. Defendants incorporate by reference their answers to Paragraphs 1 through 55.

57. The allegations in Paragraph 57 are denied.

58. The allegations in Paragraph 58 are denied.

59. The allegations in the first sentence of Paragraph 59 are denied. In response to the second sentence, the referenced policy and procedure manual speaks for itself.

60. The allegations in Paragraph 60 are denied.

61. The allegations in Paragraph 61 are denied.

62. The allegations in Paragraph 62 are denied.

63. The allegations in Paragraph 63 are denied.

## COUNT III – 42 U.S.C.§1983 – *Monell Liability*

64. Defendants incorporate by reference their answers to Paragraphs 1 through 63 above.

65. The allegations in Paragraph 65 are denied.

66. The allegations in Paragraph 66 are denied.

67. Paragraph 67 fails to include any facts that require a response.

68. The allegations in Paragraph 68 are denied. In further response, it is denied that there was an excessive use of force regarding the events described in Paragraph 68.

69. In response to Paragraph 69, Plaintiffs include only limited facts regarding Mary Wockasen and the arresting police officer. The arresting police officer was POST certified as of the date of arrest. It was discovered thereafter that the police officer misrepresented his education to become POST certified and after becoming POST certified worked with at least one other police department prior to coming to Grundy County. In further response, the claim and lawsuit by Mary Wockasen was dismissed. The allegations in the second sentence of Paragraph 69 are denied.

70. In response to the allegations in Paragraph 70, it is admitted that Sheriff Gunter has responded to investigations by POST. In further response, the allegations in the second sentence of Paragraph 70 are denied.

71. In response to Paragraph 71, it is admitted that some officers have been placed on the *Brady/Giglio* list. In further response, it is denied that the same is pertinent as it relates to the subject matter of this litigation or the claims of excessive use of force.

72. The allegations in Paragraph 72 are denied.

73. The allegations in the first sentence of Paragraph 73 are admitted. The remaining allegations in Paragraph 73 are denied.

74. The allegations in Paragraph 74 are denied.

75. The allegations in Paragraph 75 are denied.

76. The allegations in Paragraph 76 are denied.

77. The allegations in Paragraph 77 are denied.

### COUNT IV – 42 U.S.C.§1983 – *Canton Liability*

78. Defendants incorporate by reference their answers of Paragraph 1 through 77.

79. The allegations in Paragraph 79 are denied.

80. The allegations in Paragraph 80 are denied as stated. In further response, it is admitted that there may be instances in which force and/or medical issues arise.

81. The allegations in Paragraph 81 are denied.

82. The allegations in Paragraph 82 are denied.

83. The allegations in Paragraph 83 are denied.

84. The allegations in Paragraph 84 are denied.

85. The allegations in Paragraph 85 are denied.

86. The allegations in Paragraph 86 are denied.

87. The allegations in Paragraph 87 are denied.

### COUNT V – STATE LAW CLAIM FOR NEGLIGENCE

88. Defendants incorporate by reference their answers to Paragraph 1 through 87.

89. Paragraph 89 requires no response.

90. Defendants lack information to form a belief as to the allegations in Paragraph 90 based on the same being vague. In further response, Defendants deny they were negligent.

91. The allegations in Paragraph 91 are denied.

92. The allegations in Paragraph 92 are denied.

93. All other allegations in Plaintiff's Complaint not answered above be and the same are denied.

## FIRST DEFENSE

Defendants plead and rely upon the defense of qualified immunity in all respects and as to all claims made in this case. Accordingly, Plaintiffs are not entitled to the relief prayed for in the Complaint.

## SECOND DEFENSE

Defendants plead and rely upon all other forms and versions of immunity including good faith immunity, law immunity, and sovereign immunity as it relates to the claims and causes of action in Plaintiffs' Complaint.

## THIRD DEFENSE

To the extent that Plaintiffs have relied upon vicarious liability for any claims or causes of action based upon 42 U.S.C. § 1983 or other civil rights claims, the same must be dismissed. Vicarious liability, including *respondeat superior*, is not applicable to civil rights causes of actions and any cause of actions based on any formed by vicarious liability must be dismissed.

## FOURTH DEFENSE

Defendant Grundy County denies that its policies, procedures, and/or customs were the proximate cause of the incident giving rise to this litigation. Defendant Grundy County denies that there is a policy, procedure, custom, or otherwise in Grundy County, including as it relates to training of police officers, that caused or led to the events more fully described in Plaintiffs' Complaint or any injures and/or damages claimed in this matter. Defendant Grundy County did

10

Case 1:25-cv-00174-TRM-CHS   Document 30   Filed 10/31/25   Page 10 of 13   PageID #: 184

not have in force any unconstitutional polices, customs, or practices and/or act with deliberate indifference related to the same. Accordingly, Plaintiffs are not entitled to relief prayed for in the Complaint against Defendant Grundy County.

### FIFTH DEFENSE

Defendants did not act with deliberate differences as it relates to any claims set forth in Plaintiffs' Complaint.

### SIXTH DEFENSE

Defendant relies upon the common law and statutory immunity provisions applicable to this case, including, but not necessarily limited to, the immunity provisions of the Tennessee Governmental Tort Liability Act, *Tennessee Code Annotated* § 29-20-201, *et seq.* to include without limitation the applicable exceptions to removal of immunity under *Tennessee Code Annotated* § 29-20-205.

### SEVENTH DEFENSE

Defendants deny that Plaintiffs are entitled to recovery of punitive damages in this matter as Defendants did not act in a manner sufficient to give rise the same. Therefore, to the extent punitive damages are claimed, the same must be denied and Plaintiffs are not entitled to any recovery in that respect. Additionally, Defendants deny that Plaintiffs are entitled to punitive damages based on any claim asserted pursuant to 42 U.S.C. § 1983.

### EIGHTH DEFENSE

It was the actions of Ronnie Ledbetter that led to the events referred to in Plaintiffs' Complaint. Mr. Ledbetter did not comply with commands and directives, failed to cooperate, and threatened and used violence and force against police officers and others. Furthermore, Mr. Ledbetter's actions were the proximate cause of the incident giving rise to this litigation, or at least

11
Case 1:25-cv-00174-TRM-CHS   Document 30   Filed 10/31/25   Page 11 of 13
PageID #: 185

50% thereof and Defendants plead the same to the extent such defense is applicable to the stated cause(s) of action in this case. Alternatively, and to the extent Mr. Jensen is found to be at fault but in an amount less than 50%, then any recovery Plaintiff may have in this matter is reduced pursuant to the same.

## NINTH DEFENSE

Defendant denies that it breached any duty of care that may have been owed as it relates to the events giving rise to this litigation.

## TENTH DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* as it relates to Plaintiff's stated causes of action for negligence pursuant to the Tennessee Governmental Tort Liability Act found at *Tennessee Code Annotated* § 29-20-205.

## ELEVENTH DEFENSE

Plaintiff's claims and causes of action and request for damages are barred and/or limited in whole or in part pursuant to the terms and provisions of the Tennessee Civil Justice Act of 2011, *Tennessee Code Annotated* § 29-39-101, *et seq.*, as well as all defenses and/or limitations set forth within the same. Defendant specifically pleads and relies upon all such available defenses and limitations set forth in the Tennessee Civil Justice Act as it relates to the claims and damages set forth in Plaintiff's Complaint.

**WHEREFORE,** Defendants pray that Plaintiffs' Complaint be dismissed. Defendants further demand a trial by a jury of twelve (12).

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: */s/ B. Thomas Hickey, Jr.*
B. Thomas Hickey, Jr., BPR #019105
Attorneys for Defendants
537 Market Street – Suite 203
Chattanooga, TN 37402-1241
P: (423) 756-0262
F: (423) 756-8489
thickey@spicerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2025, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

David J. McKenzie
Debbie Z. Boudreaux
Savannah B. Oliver
The Law Office of David McKenzie
205 West Commerce Street
Lewisburg, TN 37091

W. Adam Izell
P.O. Box 4386
Chattanooga TN 37405

**SPICER RUDSTROM, PLLC**

By: */s/ B. Thomas Hickey, Jr.*
B. Thomas Hickey, Jr.